UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **JAMES RILEY, INDIVIDUALLY AS THE SURVIVING CHILD OF MARY ALEXANDER, DECEASED, AND AS THE EXECUTRIX OF THE ESTATE OF MARY ALEXANDER,**<br><br>Plaintiff,<br><br>v.<br><br>**LAKE CITY NURSING AND REHABILITATION CENTER, LLC D/B/A LAKE CITY NURSING AND REHAB CENTER, REX ROAD PROPERTY COMPANY, LLC AND JOHN DOES,**<br><br>Defendants. | CIVIL ACTION NO.: |

## NOTICE OF REMOVAL

**COME NOW** the Defendants, **Lake City Nursing and Rehabilitation Center East, LLC** ("Lake City") and **Rex Road Property Company, LLC** ("Rex Road"), and file this Notice of Removal of this action from the Circuit Court of Dekalb County, Georgia, to the United States

District Court for the Northern District of Georgia, Atlanta Division. As grounds therefor, Lake City states and shows the following:

## **BACKGROUND OF THIS ACTION**

1. The Plaintiff initiated this civil action on <u>October 9, 2020</u> and served the Defendants Lake City and Rex Road on <u>November 9, 2020</u>. This case is pending in the Circuit Court of Dekalb County and bears Civil Action Number 20A82717. A complete copy of the lawsuit along with all state court pleadings is attached hereto as Exhibit "A" and is incorporated herein by reference. Lake City and Rex Road represent to this Honorable Court that true and correct copies of all process, pleadings, orders served by upon the Defendants, in this case, are attached in conformity with the requirements of 28 U.S.C. § 1446(a). (*See* Exhibit "B" DeKalb State Court Docket). Lake City and Rex Road further represent to this Court that there is no other process, pleadings or orders properly served upon the Defendants to date in this case that have not been attached hereto.

2. Lake City and Rex Road represent to this Honorable Court that written notice of the filing of this Notice of Removal and a copy of this Notice of Removal has been served upon Plaintiff, by and through Plaintiff's counsel

of record contemporaneous with this filing. (See copy of Notice of Filing Notice of Removal, attached as Exhibit "C").

3. This case is being removed within thirty (30) days of service and well within one (1) year of the commencement of this action.

4. Said action is of a civil nature at law whereby the Plaintiff seeks to recover damages in excess of $75,000.00 from the Defendant, exclusive of interest and costs.

5. As described in detail below, there is complete diversity between Plaintiff and the Defendants, Lake City and Rex Road.

## THE PLAINTIFF

6. According to the Complaint, Plaintiff James Riley, individually as the surviving child of Mary Alexander, is a citizen of Morrow, Georgia. (Complaint, ¶ 1). James Riley also brings this lawsuit as the executrix of the estate of Mary Alexander. Upon information and belief, Mary Alexander was a citizen of Lake County, Georgia at all times relevant to the Complaint. Therefore, both Plaintiffs are citizens of the State of Georgia. 28 U.S.C. §1332(c)(2). (Complaint, ¶ 2).

**THE REMOVING DEFENDANT**

7.  Defendants Lake City and Rex Road are and, at the time of the commencement of this action, were limited liability companies organized and existing under the laws of the State of Georgia. However, Lake City and Rex Road's only members are D&N, LLC and DTD HC, LLC. (*See* Lake City Ownership Information from Medicare, attached hereto as Exhibit "D").

8.  D&N, LLC and DTD HC, LLC are New York limited liability companies. D&N, LLC's members are Norbert A. Bennett, the Norbert A. Bennett Children's Trust, and the Norbert A. Bennett Grand-Children's Trust. Mr. Bennett is a resident and citizen of the State of New York. The trustee of the Norbert A. Bennett Children's Trust and the Norbert A. Bennett Grand-Children's Trust is Ronald Bennett, a resident and citizen of New York. (*See* D & N, LLC Entity Information from New York State Department of State, attached hereto as Exhibit "E") (*See* Lake City Ownership Information from Medicare, attached hereto as Exhibit "D"). DTD HC, LLC's members are Donald T. Denz and the Donald T. Denz Irrevocable Trust. Mr. Denz is a resident and citizen of the State of New York. The trustee of the Donald T. Denz Irrevocable Trust is Martin J. Clifford, a resident and citizen of New York. (*See* DTD HC, LLC Entity Information from New York State

Department of State, attached hereto as Exhibit "F") (*See* Lake City Ownership Information from Medicare, attached hereto as Exhibit "D"). Lake City and Rex Road are not citizens of the State of Georgia.

9. Lake City and Rex Road are citizens of the State of New York, since its members are all citizens of the State of New York. *Rolling Green MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

## GROUNDS FOR REMOVAL

10. This case is being removed pursuant to 28 U.S.C. §1441 *et seq.*, inasmuch as this action could have originally been brought in this Court pursuant to 28 U.S.C. §1332.

11. This Notice of Removal is timely filed because it is being submitted within one (1) year from the October 9, 2020, date of commencement of the action and within thirty (30) days of service of the Complaint on the first-served Defendant, which was November 9, 2020.

12. A true and correct copy of this Notice of Removal is being served on counsel for Plaintiff on this date.

13. A true and correct copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Dekalb County, Georgia. (See copy of Notice of Filing Notice of Removal, attached as Exhibit "C").

14. No special bail was or is required in this action.

## JURISDICTION UNDER 28 U.S.C. §1332

**A.   COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN PLAINTIFFS AND DEFENDANTS, LAKE CITY AND REX ROAD, AND THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL THRESHOLD.**

15. This action could have originally been brought in this Court pursuant to 28 U.S.C. §1332 in that it is a civil action wherein the matter in controversy exceeds $75,000.00 exclusive of interest and costs and there is diversity of citizenship among the Plaintiffs and the Defendants Lake City and Rex Road.

16. Plaintiffs' suit arises from Ms. Alexander's residency at Lake City. According to the Complaint, Plaintiff claims that Lake City did not provide appropriate medical and nursing care to Ms. Alexander, which caused weight loss, dehydration, constipation, severe Sepsis, delayed diagnosis, and prolonged amount of time in the hospital. (*See, e.g.,* Complaint, ¶ 28).

17. In regard to the amount in controversy, Plaintiff's Complaint does not seek a specific monetary amount. Plaintiff brings claims of premises

liability, negligence, vicarious liability, and negligent hiring, training, and supervision. Importantly, Plaintiff seeks punitive damages for the Defendants' alleged wrongful acts. (Complaint, at ¶ 49). Such claims support a finding that the amount in controversy exceeds $75,000.00.

18.     In recent years, Georgia courts have routinely affirmed personal injury verdicts against healthcare providers well in excess of $75,000.00. *See*, *Sw. Emergency Physicians, P.C. v. Quinney*, 347 Ga. App. 410, 819 S.E.2d 696 (2018) (affirming $4,500,000.00 verdict in medical malpractice case against an emergency room physician); *Southcoast Med. Grp., LLC v. Simmons*, No. S20C0437, 2020 Ga. LEXIS 407 (May 18, 2020) (affirming $18,000,000.00 medical malpractice verdict).

19.     "When the complaint does not claim a specific amount of damages, removal from state court is (jurisdictionally) proper if it is facially apparent from the complaint that the amount in controversy exceeds a jurisdictional requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001)). "[I]f the jurisdictional amount is not facially apparent from the Complaint, the Court should look to the Notice of Removal and may require evidence relevant to the amount of controversy at the time the case

was removed." Id.; see also, e.g., 16 James Wm. Moore, et al., Moore's Federal Practice, § 107.14(2)(g), at 107-86.4 to 107.86.5 (3rd Ed. 2010) ("when determining if the defendant has satisfied his burden [to establish jurisdiction by a preponderance of the evidence], the Court will consider first whether it is facially apparent from the Complaint that the jurisdictional amount is in controversy. If it is not, the Court may consider facts alleged in the Notice of Removal, judicial omissions made by the plaintiffs, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement has been satisfied.").

20. Additionally, "[t]o assert the amount in controversy adequately in the removal notice" the Defendant's Notice of Removal need only contain "a statement 'short and plain'" and the Notice of Removal "need not contain evidentiary submissions." Dart Cherokee Basin Operating Co., LLC. v. Owens, 135 Sup.Ct. 547, 551 (2014). Additionally, "a defendant's notice of removal need includes only a plausible allegation that the amount in controversy exceeds the jurisdictional personal." Id. at 554.

21. In addition to meeting the requirement that the amount in controversy exceeds $75,000.00, there is complete diversity of citizenship between the Plaintiff and Defendants Lake City and Rex Road.

22. This suit is removed to this Court, under and by virtue of the Acts of The Congress of the United States, and the Defendants are desirous of removing said cause to this Court.

WHEREFORE, PREMISES CONSIDERED, the Defendants pray that the above-entitled cause be removed to the United States District Court for the Northern District of Georgia, Atlanta Division, according to the statutes in such case made and provided.

    Respectfully submitted,

    */s/ R. Gordon Sproule, Jr.*
    R. Gordon Sproule, Jr.
    Georgia Bar No. 673042
    *Counsel for Defendants*

3291 US Highway 280, Suite 200
Birmingham, AL 35243
Telephone: (205) 251-1193
Facsimile: (205) 251-1256
GSproule@huielaw.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMES RILEY, INDIVIDUALLY AS THE SURVIVING CHILD OF MARY ALEXANDER, DECEASED, AND AS THE EXECUTRIX OF THE ESTATE OF MARY ALEXANDER,<br><br>Plaintiff,<br><br>v.<br><br>LAKE CITY NURSING AND REHABILITATION CENTER, LLC D/B/A LAKE CITY NURSING AND REHAB CENTER, REX ROAD PROPERTY COMPANY, LLC AND JOHN DOES,<br><br>Defendants. | CIVIL ACTION NO.: |

**CERTIFICATE OF SERVICE AND CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

The foregoing was prepared in Times New Roman font, 14-point type, one of the font and point selections approved by the Court in N.D. Ga. L.R. 5.1(C). I hereby certify that I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using CM/ECF electronic filing system

10

which will automatically send email notification of such filing to the following opposing counsel of record and serve as follows:

Eldridge Suggs, IV
Mari A. Agasarkisian
Anna H. Wyatt
One Alliance Center
3500 Kenox Rd. N.E., Suite 710
Atlanta, GA 30326
esuggs@suggslaw.com
magasarkisian@suggslaw.com
awyatt@suggslaw.com
*Counsel for Plaintiff*

Respectfully submitted this 9th day of December, 2020.

**HUIE, FERNAMBUCQ & STEWART, LLP**

/s/ R. Gordon Sproule, Jr.
R. Gordon Sproule, Jr.
Georgia Bar No. 673042
*Counsel for Defendants*

3291 US Highway 280, Suite 200
Birmingham, AL 35243
Telephone: (205) 251-1193
Facsimile: (205) 251-1256
GSproule@huielaw.com