# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

**JAMES RILEY, INDIVIDUALLY AS THE SURVIVING CHILD OF MARY ALEXANDER, DECEASED, AND AS THE EXECUTRIX OF THE ESTATE OF MARY ALEXANDER,**

    **Plaintiff,**

**v.**

**LAKE CITY NURSING AND REHABILITATION CENTER, LLC D/B/A LAKE CITY NURSING AND REHAB CENTER, REX ROAD PROPERTY COMPANY, LLC AND JOHN DOES,**

    **Defendants.**

**CIVIL ACTION NO.: 1:20-CV-04986-VMC**

## PRETRIAL ORDER

1.    There are no motions or other matters pending for consideration by the court.

2.    All discovery has been completed and the court will not consider any further motions to compel discovery.

3.    The names of the Plaintiff and Lake City Nursing and Rehabilitation Center, LLC ("Lake City"), as shown in the caption to this Order, and the capacity in which they appear, are correct and complete. Defendant Rex Road Property

Company, LLC ("Rex Road") maintains that it is not a proper defendant because it did not provide care and treatment to Ms. Alexander or otherwise engage in any wrongdoing relative to Ms. Alexander or Plaintiff. Moreover, Plaintiff's expert, Dr. Inna Sheyner, did not express any opinions relative to Rex Road. Rex Road merely owns the real property on which the Facility is located.

4.    There is no question as to the jurisdiction of the court; jurisdiction is based upon the following code sections: 28 U.S.C. § 1332; 28 U.S.C. § 1367.

5.    The following individually named attorneys are hereby designated as lead counsel for the parties: For the Plaintiff, Eldridge Suggs, IV, and for the Defendants, Gordon Sproule.

6.    Barring unforeseen circumstances which may occur at trial, the Plaintiff is entitled to open and close arguments to the jury. (LR 39.3(B)(2)(b)).

7.    The captioned case shall be tried to a jury.

8.    The parties request the trial be bifurcated in accordance with O.C.G.A. § 51-12-5.1(d)(2), if applicable.

9.    Attached hereto as Attachment "A" and made a part of this Order by reference are the questions which the parties request that the court propound to the jurors concerning their legal qualifications to serve.

10.    Attached hereto as Attachment "B-1" are the general questions which Plaintiff wishes to be propounded to the jurors on voir dire examination.

Attached hereto as <u>Attachment "B-2"</u> are the general questions which Defendant wishes to be propounded to the jurors on voir dire examination.

The court shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be permitted to ask follow-up questions on these matters. It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.

11.    State any objections to Plaintiff's voir dire questions:

Although Defendant just received Plaintiff's general questions late this afternoon, Defendant objects to the Plaintiff's general questions due to the fact that they are inappropriate and appear to be questions that should be asked by counsel. Defendant reserves the right to object further once it has time to analyze the general questions.

State any objections to Defendant's voir dire questions:

[insert objections]

12.    This case shall be tried before a jury consisting of not less than six (6) members. Each side as a group will be allowed the number of peremptory challenges as provided by <u>28 U.S.C. § 1870</u>. *See* <u>Fed. R. Civ. P. 47(b)</u>.

13.    There is no pending related litigation.

14.    Attached hereto as <u>Attachment "C"</u> is Plaintiff's outline of the case which includes a succinct factual summary of Plaintiff's cause of action and which shall be

neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by Plaintiff shall be listed under a separate heading. In negligence cases, each and every act of negligence relied upon shall be separately listed. For each item of damage claimed, Plaintiff shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable

15.     Attached hereto as <u>Attachment "D"</u> is the Defendant's outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as  creating a defense shall be listed under a separate heading. For any counterclaim, the Defendant shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

16.     Attached hereto as <u>Attachment "E"</u> are the facts stipulated by the parties.

4

No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case.  It is the duty of counsel to cooperate fully with each other to identify all undisputed facts.  A refusal to do so may result in the imposition of sanctions upon the non-cooperating counsel.

17.    The legal issues to be tried are as follows:

<u>By the Plaintiff:</u>

Defendants violated the following statutes (1) premises liability pursuant to <u>O.C.G.A. § 51-3-1</u>; <u>(2)</u> negligence pursuant to <u>O.C.G.A. § 51-1-2</u>; <u>(3)</u> vicarious liability pursuant to <u>O.C.G.A. § 51-2-2</u>; <u>(4)</u> and negligent hiring, training, and supervision pursuant to <u>O.C.G.A. § 51-2-2</u> on the part of Lake City Nursing and Rehabilitation Center, LLC and Rex Road Property Company, LLC as well as other violations <u>O.C.G.A. § 51-12-5.1(a).O.C.G.A.</u> §§ 31-8-100 <u>O.C.G.A. §§ 51-1-27</u>, <u>O.C.G.A. § 9-11-9.1</u>,to  31-8-<u>12742 U.S.C.A. §§ 1395i-3(b)(2),1396r(b)(2).42 U.S.C.A</u>. § 1396r(c); <u>42 C.F.R. § 483.10(a)</u>failing to provide Mrs. Alexander with the standard of care and treatment.

Defendant Lake City Nursing and Rehabilitation Center, LLC was negligent in failing to adopt appropriate policies and procedures to protect and care for residents and was negligent in failing to train its employees concerning the appropriate measures to be taken to protect and care for residents.

Defendant Lake City Nursing and Rehabilitation Center, LLC was negligent in hiring, training and supervising its staff, at Lake City Nursing and Rehab Center.

Defendants knew Ms. Alexander was fully dependent on medical staff for oral intake and fluid intake.

Defendants were aware that Ms. Alexander's oral intake and fluid intake was decreasing throughout January 2019, indicating an underlying infection.

Defendants failed to timely diagnose Ms. Alexander's underlying infection.

Defendants failed to timely move Ms. Alexander to a higher level of care for her underlying infection.

Defendants failed to alter Ms. Alexander's diet as a result of her poor oral intake and fluid intake.

As a result of Defendant Lake City Nursing and Rehabilitation Center, LLC's gross negligence practices was the proximate cause of Mrs. Alexanders pain, unnecessary suffering and prolonged hospital stays.

Defendant's actions constitute willful misconduct, malice, fraud, oppression, wantonness and an entire want of care raising the presumption of conscience indifference to the consequences. Accordingly, Mr. Riley is entitled to recover punitive damages from defendant, as determined by the enlightened conscience of the jury. O.C.G.A. § 51-12-5.

By the Defendants:

a.   Whether Plaintiff can meet his burden to prove Lake City's care and treatment of Ms. Alexander violated the standard of care as defined by Georgia law. O.C.G.A. § 51-1-27

b.   Whether Plaintiff can meet his burden to prove Lake City's care and treatment of Ms. Alexander was negligent.

c.   Whether Plaintiff can meet his burden to prove Lake City's care and treatment of Ms. Alexander constituted violations of the "Georgia Bill of Rights of Long Term Care Facilities," as codified in O.C.G.A. § 31-8-100 et seq.

d.   Whether Plaintiff can meet his burden to prove Lake City was the direct and proximate cause of Ms. Alexander's alleged injuries.

e.    Whether Plaintiff can meet his burden to prove Rex Road Property Company, LLC rendered services and/or care to Ms. Alexander and therefore is a proper party defendant.

f.    Whether Plaintiff can meet his burden to prove Lake City's care and treatment of Mary Alexander showed willful misconduct, wantonness, and the entire want of care which would raise the presumption of conscious indifference to the consequences so as to entitle Plaintiff to recover punitive damages.

18.    Attached hereto as Attachment "F-1" for the Plaintiff and Attachment "F-2" for the Defendant is a list of all the witnesses and their addresses for each party. The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial.  Expert (any witness who might express an opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included. Each party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness.

All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means.  Witnesses who are not included on the witness list

7

(including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

19.    Attached hereto as Attachment "G-1" for the Plaintiff and "G-2" for the Defendant are the typed lists of all documentary and physical evidence that will be tendered at trial.  Learned treatises which are expected to be used at trial shall not be admitted as exhibits.  Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for court stamping purposes.  A courtesy copy of each party's list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to Plaintiff's exhibits, numbered blue stickers to Defendant's exhibits, and numbered white stickers to joint exhibits.  When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.

Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised. Objections as to authenticity, privilege, competency, and, to the extent possible,

relevancy of the exhibits shall be included. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial. Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

20.    The following designated portions of the testimony of the persons listed below may be introduced by deposition:

<u>Plaintiff</u>:  Any and all depositions taken by the parties including but not limited to Dr. Ina Dr. Inna Sheyner, Verla  White.

<u>Defendant</u>: Other than Dr. Sharon Brangman, who Defendant, if circumstances beyond Defendant's control preclude her from traveling from out of state to testify live at trial, plans to seek permission to testify live via remote means (e.g., Zoom), Defendant intends to call its witnesses live.

Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the day the case is first

scheduled for trial.  Objections not perfected in this manner will be deemed waived or abandoned.  All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.

21.    Attached hereto as Attachments "H-1" for the Plaintiff and "H-2" for the Defendant are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case.  Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.

22.    In the event this is a case designated for trial to the court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial. Requests which are not timely filed and which are not otherwise in compliance with LR 51.1, will not be considered. In addition, each party should attach to the requests to charge a short (not more than one (1) page) statement of that party's contentions, covering both claims and defenses, which the court may use in its charge to the jury.

Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury

Practice and Instructions in preparing the requests to charge. For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.

23. If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order. If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the court.

24. Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any additional time for argument, the request should be noted (and explained) herein.

25. If the case is designated for trial to the court without a jury, counsel are directed to submit proposed finding of fact and conclusions of law not later than the opening of trial.

26. Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties met in person on _____, 20____, to discuss in good faith the possibility of settlement of this case. The court (____) has or (____) has not discussed settlement of this case with counsel. It appears at this time that there is:

(_____) A good possibility of settlement.
(_____) Some possibility of settlement.

(_____) Little possibility of settlement.
(<u>X</u>) No possibility of settlement.

**Other:  The parties will meet and confer per Judge Calvert's April 20, 2022, Standing Order Section IV.a. within 10 days before the Pretrial.**

27.     Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.

28.     The Plaintiff estimates that it will require 2-3 days to present its evidence. The Defendant estimates that it will require 2 days to present its evidence.

29.     IT IS HEREBY ORDERED that the above constitutes the Pretrial Order for the above captioned case (   X   ) submitted by stipulation of the parties or (       ) approved by the court after conference with the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the Pretrial Order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this Pretrial Order shall not be amended except by Order of the court to prevent manifest injustice. Any attempt to reserve a right to amend or add to any part of the Pretrial Order after the Pretrial Order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court.

IT IS SO ORDERED this ___14th___ day of __August__ 2024.

_____

UNITED STATES DISTRICT JUDGE

Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this court.

/s/ *Eldridge Suggs, IV*
_____

Counsel for Plaintiff
Eldridge Suggs, Iv, Esq.
Georgia Bar No. 690807
Robbin Shipp, Esq
Georgia Bar No. 643109

The Suggs Law Firm, PC
One Alliance Center
3500 Lenox Rd. N.E., Suite 710
Atlanta, Ga 30326
(404) 400-3422
Esuggs@Suggslaw.Com
Rshipp@Suggslaw.Com

/s/ *R. Gordon Sproule, Jr.*
_____

Counsel for Defendant
R. Gordon Sproule, Jr.
Georgia Bar No. 673042
J. Bart Cannon
Georgia Bar No. 246354

Huie, Fernambucq & Stewart, LLP
3291 US Highway 280, Suite 200
Birmingham, AL  35243
Telephone: (205) 251-1193
gsproule@huielaw.com
bcannon@huielaw.com